IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH BOYKIN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: 2:15-cv-631-MHT-GMB |
| | )   (WO – Do Not Publish) |
| GULF COAST ENTERPRISES, | ) |
| | ) |
|    Defendant. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Joseph Boykin ("Boykin") filed this pro se action on August 31, 2015, alleging that he was terminated from his employment because of his disability and age. Doc. 1. Now before the court is a motion to dismiss or, in the alternative, motion for summary judgment filed by Defendant Gulf Coast Enterprises ("Gulf Coast"). Doc. 15. Pursuant to 28 U.S.C. § 636, this matter was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of facts and conclusions of law. For the reasons set forth herein, it is the recommendation of the Magistrate Judge that Gulf Coast's motion (Doc. 15) be DENIED.

## I.  JURISDICTION

Jurisdiction over this matter is asserted pursuant to 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support jurisdiction and venue within the Middle District of Alabama.

## II.  STATEMENT OF FACTS

At the time Boykin filed his complaint, he was a 75-year-old African American male. Doc. 1.  From approximately 2007 to 2014, he was employed as a trash collector at the Montgomery Veteran's Administration Annex ("Montgomery VA") in Montgomery, Alabama. Doc. 1.  Boykin's employer was Gulf Coast, an entity that employs persons with disabilities and that arranged for Boykin to work at the Montgomery VA. Doc. 1.

Boykin suffers from persistent bowel and bladder problems and has had his prostate removed. Doc. 1.  Because of this, Boykin has difficulty controlling his urination. Doc. 1.  More specifically, if Boykin cannot obtain access to a restroom quickly, he will urinate on himself. Doc. 1.  As a result, during his employment at the Montgomery VA, Boykin would often urinate behind a dumpster if he believed he could not make it to a restroom "to save himself from the embarrassment of wetting his pants." Doc. 1.  Boykin did this several times without any supervisor telling him not to engage in such behavior. Doc. 1.  During the relevant time period, Boykin was also the oldest person working for Gulf Coast at the Montgomery VA. Doc. 1.  Many times his co-workers asked him when he was going to retire. Doc. 1.

On September 11, 2014, Boykin was terminated from his position with Gulf Coast after he was observed urinating behind an outside dumpster. Doc. 1.  Boykin contends that he urinated behind the dumpster because the downstairs restroom was being cleaned and he could not make it to the upstairs restroom before he urinated on himself. Doc. 1.  He claims that the reason given by Gulf Coast for his termination—his urinating behind a dumpster while on duty—was pretextual and that the real reason for his termination was

his age and disability. Doc. 1.

Boykin filed a charge of age and disability discrimination against Gulf Coast on September 22, 2014. Doc. 1.  On May 27, 2015, the Equal Employment Opportunity Commission ("EEOC") mailed Boykin a right-to-sue letter from its Birmingham, Alabama office to Boykin in Montgomery, Alabama.[1] Doc. 1-1.

Boykin filed his complaint on August 31, 2015, alleging claims for age and disability discrimination based on his termination by Gulf Coast. Doc. 1.  Attached as an exhibit to Boykin's complaint is the right-to-sue letter issued to him by the EEOC. Doc. 1-1.  While this letter indicates that it was mailed from Birmingham to Boykin in Montgomery on May 27, 2015, it also contains a handwritten notation indicating that the letter was "received" by an unknown individual on June 1, 2015. Doc. 1-1.  Other parts of the handwritten notation are illegible, and there is no evidence before the court establishing what these illegible portions actually state.  There is also no evidence before the court establishing the handwriting's author or authors.

On February 3, 2016, Gulf Coast filed a motion to dismiss or, in the alternative, motion for summary judgment. Doc. 15.  Attached as an exhibit to Gulf Coast's motion is a letter from Boykin's former attorney in which the attorney states that Boykin "received" his right-to-sue letter from the EEOC on May 27, 2015, the same date it was mailed from Birmingham to Boykin in Montgomery. Doc. 15.

On February 4, 2016, the court issued a briefing order informing the parties that it

---

[1] The EEOC right-to-sue letter also indicates that it was mailed to Gulf Coast's counsel in Birmingham as well as Boykin's former lawyer in Montgomery.

may treat Gulf Coast's motion as one for summary judgment and providing Boykin with instructions on how to respond to such a motion. Doc. 17.  Boykin initially failed to respond to Gulf Coast's motion.  After Gulf Coast filed a reply on February 25, 2016 (Doc. 18), Boykin sought and was granted an extension of time to respond to Gulf Coast's motion, and he filed a two-page response on March 11, 2016. Docs. 19–21.  Gulf Coast filed a reply to Boykin's response on March 14, 2016.  Doc. 22.  With briefing completed, Gulf Coast's motion is now ripe for review and disposition.

### III. STANDARD OF REVIEW

Because matters outside the pleadings have been submitted in support of Gulf Coast's motion and have been considered by the court in making this recommendation,[2] the court must construe the motion as one for summary judgment rather than for dismissal.  Accordingly, the court will apply the summary-judgment standard of review.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[2] The court recognizes that conversion of a motion to dismiss into one for summary judgment is not always required when the district court considers an extrinsic document if that document is (1) central to the plaintiff's claims and (2) its authenticity is not disputed. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  In the employment context, this exception routinely includes EEOC documents. *See Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013).  However, in this case, the court is considering documents other than Boykin's EEOC documents—namely, correspondence from his former lawyer to defense counsel—in deciding Gulf Coast's motion.  Thus, the proper course of action is for the court to treat the motion as one for summary judgment.

affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted) (alteration to original).

In responding to a properly supported motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249−50 (1986) (internal citations omitted). "However, disagreement between the parties is not significant unless the disagreement presents a genuine [dispute] of material fact." *Gamble v. Pinnoak Resources, LLC*, 511 F. Supp. 2d 1111, 1122 (N.D. Ala. 2007) (internal quotations omitted) (alteration to original). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Finally, when a district court considers a motion for summary judgment, all evidence and inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). "The court must avoid weighing conflicting evidence or making credibility determinations. Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Gamble*, 511 F. Supp. 2d at 1122 (quoting *Steward v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000) (internal quotations and citations omitted)). "Where a reasonable fact finder may

draw more than one inference from the facts, then the court should refuse to grant summary judgment." *Id.* (internal quotations omitted).

## IV.  DISCUSSION

Gulf Coast's motion seeks the entry of summary judgment in its favor on Boykin's age and disability claims on essentially three grounds: (1) that Boykin failed to file his lawsuit in a timely manner; (2) that Boykin did not comply with Federal Rule of Civil Procedure 4(m) or the orders of this court; and (3) that Boykin is judicially estopped from pursuing his claims because he failed to disclose his EEOC charge and this lawsuit in his Chapter 13 bankruptcy filings.  After careful consideration, the court does not find these arguments sufficient to warrant the entry of summary judgment in Gulf Coast's favor at this time.[3]

**A.    Timeliness of Lawsuit**

Under Title VII, once an aggrieved party has received a right-to-sue notice from the EEOC, the party has 90 days to bring a civil action against the defendant named in the charge. 42 U.S.C. § 2000e-5(f)(1).[4]  "Once the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement." *Green v.*

---

[3] The court notes that Gulf Coast's motion was alternatively filed as a motion to dismiss pursuant to Rules 12(b) and 4(m) of the Federal Rules of Civil Procedure.  The court finds that the motion would be due to be denied, for reasons similar to those set forth herein, even if the court were to treat it as a motion to dismiss.

[4] "It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964." *Zillvette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) (citing 42 U.S.C. § 12117(a)).  "Similarly, the ADEA provides that a plaintiff asserting a claim under that statute must file her complaint within 90 days of her receipt of a right-to-sue letter." *Miller v. Georgia*, 223 Fed. App'x 842, 844 (11th Cir. 2007) (citing 29 U.S.C. § 626(e); *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005)).

*Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2012) (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982)).  Thus, if there is no genuine dispute that Boykin failed to file his age and disability claims within 90 days of his receipt of the EEOC's right-to-sue letter, then his claims must be dismissed as time-barred. *Id.* at 1233.

Boykin's complaint alleges that the EEOC "issued" him a right-to-sue letter, with no determination, on May 27, 2015. Doc. 1, ¶ 2.  The right-to-sue letter attached as an exhibit to Boykin's complaint also states that it was mailed on May 27, 2015. Doc. 1-1.  Indeed, this date—May 27, 2015—is the basis for Gulf Coast's timeliness argument.  That is, Gulf Coast claims that Boykin's complaint must have been filed within 90 days of May 27, 2015, which was August 25, 2015, and thus his claims are time-barred since he did not file his complaint until August 31, 2015.

However, the record before the court reveals conflicting evidence as to the date of Boykin's receipt of the letter.  While Gulf Coast submitted a letter from Boykin's former attorney stating that Boykin received his right-to-sue letter on May 27, 2015,[5] the right-to-sue letter submitted with Boykin's complaint also contains a handwritten notation indicating that the letter was "received" by an unidentified individual on June 1, 2015.  Docs. 1, 1-1, 15.  If Boykin did actually receive the right-to-sue letter on June 1, 2015, then

---

[5] To the extent the EEOC right-to-sue letter or the letter from Boykin's former attorney may be characterized as hearsay, this evidence may be considered at summary judgment if it can be reduced to admissible form at trial. *See Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (citing several cases).  The court finds that, assuming this evidence constitutes hearsay, it could be admissible at trial through the presentation of live testimony or through an exception to the hearsay rule, and therefore it may be considered at the summary-judgment stage.

7

the 90-day deadline to file his complaint would not have expired until August 31, 2015[6]—the day he filed his complaint.  Thus, Boykin's claims would be timely.

There is no evidence before the court demonstrating who wrote the handwritten notation on Boykin's right-to-sue letter, what the other parts of the notation say, or who received the letter on June 1, 2015.  Moreover, from a logistical standpoint the court finds it unlikely—though certainly not impossible—that Boykin received the right-to-sue letter in Montgomery on the same day it was mailed from the EEOC's Birmingham office.  As a result, the evidence currently before the court is sufficient, when taken in a light most favorable to Boykin, as the non-movant, to create a genuine factual dispute as to the date Boykin received his right-to-sue letter from the EEOC.  This disputed fact prevents the court from recommending the entry of summary judgment in Gulf Coast's favor on timeliness grounds at this time.[7]

**B.   Compliance with Rule 4(m) and Orders of the Court**

Gulf Coast also seeks summary judgment on Boykin's claims on the basis that the complaint was not served within the timeframe required by Federal Rule of Civil Procedure 4(m) and Boykin has otherwise failed to comply with orders of the court.  The court declines to recommend the entry of summary judgment in Gulf Coast's favor on these grounds.  While pro se parties are obligated to follow the Federal Rules of Civil Procedure

---

[6] Strictly speaking, Boykin's 90-day deadline fell on Sunday, August 30, 2015, so the filing period continued to run until the end of the next day that was not a Sunday, which was Monday, August 31, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C).

[7] While summary judgment is not appropriate at this time, the court may entertain a subsequent motion for summary judgment on timeliness grounds once the parties have had an opportunity to conduct discovery—even limited discovery—on when Boykin received his right-to-sue letter.

and the court's local rules, they are also granted some leniency, as they generally are not lawyers and are not familiar with the mechanics of a federal lawsuit. In light of his pro se status, the court finds that Boykin's compliance with court rules and orders has not be so deficient as to mandate the entry of summary judgment at this early stage in the litigation. When the court issued a show-cause order indicating that there was no evidence before it demonstrating that Gulf Coast had been properly served and requiring Boykin to provide an explanation as to why his complaint should not be dismissed for want of prosecution (Doc. 10), Boykin timely responded and perfected service on Gulf Coast on January 13, 2016. Thus, the court elected to exercise its discretion to extend the time for service upon a showing of good cause. *See* Fed. R. Civ. P. 4(m) ("But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

The court similarly does not find merit in Gulf Coast's argument that Boykin's claims should be dismissed because he did not respond to the court's February 4, 2016 briefing order (Doc. 17) or its February 29, 2016 order (Doc. 20). While Boykin was late in responding to the court's February 4, 2016 briefing order, he did file a motion for extension of time to respond on February 26, 2016 (Doc. 19), which the court, in its discretion, granted. And even though Boykin's response to Gulf Coast's summary judgment motion (Doc. 21) is not as specific or as thorough as a response from a lawyer might have been, the court finds that it sufficiently complies with the directives of the court's February 29, 2016 order. Thus, Gulf Coast's motion for summary judgment is due to be denied to the extent it seeks summary judgment on Boykin's claims based on his failure to comply with Rule 4(m) or certain orders of the court.

## C. Judicial Estoppel

Gulf Coast's final argument is that Boykin should be judicially estopped from pursuing his claims in this case because he did not list his charge of discrimination or this lawsuit as an asset in his Chapter 13 bankruptcy filings. Boykin filed his Chapter 13 petition on July 31, 2015, almost a year after he filed his charge of discrimination against Gulf Coast and a month before he filed this lawsuit.

Gulf Coast did not raise this argument until its second reply brief, and Boykin has not had an opportunity to respond. As a result, the court will not consider Gulf Coast's judicial estoppel argument at this time, particularly when Gulf Coast could have discovered the existence of Boykin's bankruptcy petition before it filed its motion for summary judgment through reasonable investigation. *See Wetherbee v. S. Co.*, 423 Fed. App'x 933, 934 (11th Cir. 2011) (citing *Lovett v Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) ("[W]e do not consider arguments raised for the first time in a reply brief.")).

Even if the court were to entertain Gulf Coast's judicial estoppel argument, there is insufficient evidence before the court to warrant the entry of summary judgment on this basis. As noted by Gulf Coast in its second reply brief, the Eleventh Circuit has recognized "that when a debtor fails to disclose a pending lawsuit to the bankruptcy court, while having knowledge of the lawsuit and a motive to conceal it, the doctrine of judicial estoppel bars the undisclosed action from proceeding." *Dunn v. Advanced Med. Specialties, Inc.*, 556 Fed. App'x 785, 788 (11th Cir. 2014); *see* Doc. 22. The Eleventh Circuit applies judicial estoppel "in situations involving intentional contradictions, not simple error or inadvertence." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002). Gulf

10

Coast has presented no evidence demonstrating Boykin's motive or intent in failing to disclose his EEOC charge or this lawsuit in his Chapter 13 bankruptcy proceedings, and without such evidence the court cannot conclude as a matter of law that the doctrine of judicial estoppel bars Boykin's claims. Thus, Gulf Coast's motion for summary judgment on the basis of judicial estoppel is due to be denied.

## V. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Gulf Coast's motion to dismiss or, in the alternative, motion for summary judgment (Doc. 15) be DENIED.

It is further ORDERED that the parties shall file any objections to this recommendation **on or before March 31, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which an objection is being asserted. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues addressed in the report and recommendation, and shall bar the party from attacking on appeal factual findings in the report and recommendation that are accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 17th day of March, 2016.

                                                /s/ Gray M. Borden
                                      UNITED STATES MAGISTRATE JUDGE

Case 2:15-cv-00631-MHT-WC   Document 23   Filed 03/17/16   Page 12 of 12